# HEEB, et al v. TRUSTEES OF INTERNAL IMPROVEMENT FUND, et al.

No. 70-10610.

Circuit Court, Dade County.

July 12, 1971.

4

Joseph Z. Fleming and Parker D. Thomson of Paul & Thomson, Miami, for the plaintiffs.

Philip S. Bennett and Herbert D. Sikes, both of Tallahassee, for the defendant Trustees of Internal Improvement Fund.

Thomas C. Britton, County Attorney, and John G. Fletcher, Assistant County Attorney, for the defendant Dade County Board of County Commissioners.

GRADY L. CRAWFORD, Circuit Judge.

*Final judgment:* Pursuant to Rule 1.260(d)(1) of the Florida Rules of Civil Procedure the successors to the public offices named as respondents have been substituted and the caption is amended accordingly.

This cause came on for final hearing on June 10, 1971 and the court having heard argument of counsel for all the parties, having considered the pleadings, the briefs and the record in this case and being otherwise fully advised makes the following findings of fact and conclusions of law —

### Findings of fact

Respondent trustees of the internal improvement fund and respondent board of county commissioners failed to provide the public with proper legal notice of the hearings held to determine the relocation of the bulkhead line from Coral Gables south to the Monroe County line in south Biscayne Bay, Dade County, Florida.

Respondents improperly limited the scope of the hearings which were held and failed to give the public the opportunity to present relevant evidence on proposed modifications of the bulkhead line.

Respondent trustees failed to maintain a proper record containing and reflecting the communications of interested groups and individuals who opposed the location of the bulkhead line at any point other than the mean high water mark.

The record in this case will only support the establishment of the bulkhead line at the mean high water mark.

### Conclusions of law

This court has jurisdiction to entertain the amended petition for writ of certiorari of petitioners and grant the relief sought therein by reason of the provisions of §253.122(6), Florida Statutes.

Petitioners Anton L. Heeb, Jr., Nathaniel T. Ragland, Richard M. McIver, Joseph E. Turner, Jr., David L. Vatter, Herbert R. Pruett, Edward Theodore Baker, Robert E. Still, Robert Hart, Jr., Marco A. Sierra and William M. Crook are aggrieved parties within the meaning of §253.122(6) of the statutes.

The respondents established, approved and adopted a bulkhead line at the mangrove line contrary to the provisions of §§253.122(1) and (3) of the statutes.

The respondents violated the hearing requirements of §253.122 of the statutes.

Respondents established the bulkhead line without regard to the general public's interest and welfare, without consideration or determination of any public benefits to be derived from their action and in violation of the essential requirements of law governing their actions.

Respondents' actions violated the petitioners' rights to due process of law under the constitutions of the state of Florida and the United States of America.

Therefore it is ordered —

A. The bulkhead line established by respondents is void and is set aside.

B. This matter is remanded to respondents to either —

(1) establish the bulkhead line from Coral Gables south to the Monroe County line in south Biscayne Bay, Dade County, Florida, at the mean high water mark; or

(2) reopen the record and hold hearings after giving the required notice pursuant to the applicable statutory and constitutional guarantees to receive all relevant evidence to determine if there is any competent evidence which

under the applicable laws would justify establishing the bulkhead at any place other than the mean high water mark.

C. Jurisdiction is retained to insure compliance with this decree.

D. Costs will be taxed against respondents awarded to petitioners upon notice.